MICHAEL J. BORDEN v. PATRICK H. McNAMARA, Robert Rowan, Sr., and Martha A. Graves, Defendants, Martha A. Graves, alone Appellant.

(127 N. W. 104.)

**Foreclosure of Mortgages — Instalments.**

1. The right of foreclosure of a mortgage upon real estate, payable in instalments and containing a power of sale, is not exhausted by a foreclosure for the amount due upon one or more of the instalments. Under the law of this state each of the instalments mentioned in the mortgage shall be taken and held to be a separate and independent mortgage, and the mortgage for each of such instalments may be foreclosed in the same manner and with like effect as if a separate mortgage was given for each of such separate instalments.

**Foreclosure of Mortgages — Successive Foreclosures — Instalments — Jurisdiction.**

2. A district court having rendered a decree of foreclosure for a portion of the mortgage debt due upon one or more instalments has jurisdiction to maintain another suit for the foreclosure of the mortgage for the amount due upon other instalments not included in the first foreclosure.

---

Note.—By the weight of authority, as shown by the note in 37 L.R.A. 737, a foreclosure of a mortgage for part of the mortgage debt exhausts the lien, and the purchaser takes the property entirely discharged from the mortgage. But the statute under which BORDEN V. McNAMARA was decided takes that case out of the general rule.

20 N. D.—15.

**Same — Judgment — Collateral Attack.**

3. Where it appears that a district court has unquestioned jurisdiction of persons and subject-matter in a foreclosure action, error of the court in determining the effect to be given certain evidence introduced does not vitiate the judgment so as to render it void upon collateral attack. The remedy of the party aggrieved in such case is by appeal, and, if an appeal is not taken or prosecuted with effect, the conclusiveness of the decree upon points properly adjudicated in a subsequent suit between the same parties will not be affected.

**Same — Judgments — Conclusiveness — Estoppel.**

4. In order that the estoppel of a judgment may become operative and effective, a party claiming its benefits must plead the adjudication in bar of a subsequent action and on the trial establish it by competent proof; and a failure to do either will be held to be a waiver of the rights depending on such estoppel.

**Judgments — Pleading Same as Bar — Proof of Judgments.**

5. When the bar of a judgment rendered in a prior action between the same parties is properly pleaded, and proof of the issues involved in the prior action and the judgment rendered therein is made by competent evidence, such proof is to be received as conclusive of all facts adjudicated in the prior action; and it is error of the court trying the last action to disregard the legal effect of the facts adjudicated by, or necessarily involved in the rendition of the former judgment.

**Conclusiveness of Judgments — Res Adjudicata.**

6. Where more than one action involving the same facts has been tried between the same parties, the last judgment rendered in point of time by a court having jurisdiction to render it prevails over any rendered prior thereto, on all points properly adjudicated.

**Notice of Lis Pendens — Persons Bound Thereby.**

7. An action involving title to real estate having been brought, and a notice of *lis pendens* containing a true description of the real property involved filed in the office of the register of deeds in the county in which the land is situated, any party purchasing the title after the record of such notice is bound and concluded by all points thereafter adjudicated against his grantor by the decree, to the same extent to which the grantor is bound.

Opinion filed May 14, 1910.

Appeal from District Court, Ward county; *Honorable E. B. Goss,* J.

Action in statutory form by Michael J. Borden, against Martha A. Graves and others, to determine adverse claims to real property.

Plaintiff had judgment, defendant Graves appeals.

Judgment reversed and District Court directed to enter a decree quieting title in appellant.

*Burke, Middaugh, & Cuthbert,* for appellant.

Rowan did not own the coupons and could not foreclose the mort-

gage securing them. State Finance Co. v. Commonwealth Title Ins. & T. Co. 69 Minn. 219, 72 N. W. 68; Jones, Mortg. § 476; Kellogg v. Smith, 26 N. Y. 18; Brown v. Blydenburgh, 7 N. Y. 141, 57 Am. Dec. 506; Gates v. Kelley, 15 N. D. 639, 110 N. W. 770.

Transfer of the incident of a thing does not transfer the thing itself. Rev. Codes 1905, 4966. Ord v. McKee, 5 Cal. 515; Mack v. Wetzlar, 39 Cal. 247.

Assignment of one of a series of notes secured by a mortgage is the assignment, *pro tanto,* of the mortgage. Jones, Mortg. § 822; Whitney v. Lowe, 59 Neb. 87, 80 N. W. 266; Studebaker Bros. Mfg. Co. v. McCargur, 20 Neb. 500, 30 N. W. 686; Todd v. Cremer, 36 Neb. 430, 54 N. W. 674; New England Loan & T. Co. v. Robinson, 56 Neb. 50, 71 Am. St. Rep. 657, 76 N. W. 415; 27 Cyc. Law & Proc. p. 1289.

Judgment against a party named in a notice of *lis pendens* binds those deriving title from him. Rev. Codes 1905, 6837; Freeman, Judgm. §§ 162, 191, 249; 23 Cyc. Law & Proc. p. 1253; Hart v. Moulton, 104 Wis. 349, 76 Am. St. Rep. 881, 80 N. W. 599.

*M. J. Barrett, L. W. Gammons,* and *John E. Greene,* for respondent.

One who has asserted a judgment cannot later attack it. Jeffers v. Jeffers, 139 Ill. 368, 28 N. E. 913; State ex rel. Western Constr. Co. v. Clinton County, 166 Ind. 162, 76 N. E. 1001; Abbot v. Wilbur, 22 La. Ann. 368; 2 Herman, Estoppel & Res Judicata, 1061.

One foreclosure exhausts the mortgage. Freeman, Judgm. 398; Curtis v. Cutler, 37 L.R.A. 737, 22 C. C. A. 16, 40 U. S. App. 233, 76 Fed. 16; Grattan v. Wiggins, 23 Cal. 28; Poweshiek County v. Dennison, 36 Iowa, 244, 14 Am. Rep. 521; Dick v. Moon, 26 Minn. 309, 4 N. W. 39.

ELLSWORTH, J. This appeal arises in an action brought in statutory form to determine adverse claim to certain real property situated in the city of Minot. On June 23d, 1890, one Peter Funk was the owner in fee of the property the title to which is in controversy, and on that date made a mortgage of the same to bank of Minot to secure the payment of a principal note for $1,200 due in five years, with interest at 8 per cent per annum. With this note were given ten interest coupons for $48 each, the first maturing on December 23d, 1890, and the others at intervals of six months thereafter until the maturity of the principal note.

It seems to be undisputed that at some date in the year 1890 the appellant, Mrs. Graves, who was a resident of New Britain, Connecticut, and an acquaintance of E. A. Mears, then president of Bank of Minot, sent to Mears for investment the sum of $1,250, and that shortly after the receipt of this money Mr. Mears sent to her the Funk note for $1,200, and the ten interest coupons indorsed without recourse by Bank of Minot. The mortgage securing these notes was sent with them, but no formal assignment in writing of the same seems to have been made. Mrs. Graves received and retained these notes and the mortgage until early in January, 1893, when her husband, who was acting as her agent, detached the first five interest coupons, all of which were then due, and sent them, together with the mortgage, to Mears for collection. These coupons were intrusted for this purpose to Mears personally, and not to Bank of Minot. He did not at once make the collection, however, but placed all the papers for safe keeping in the vault of the Mortgage Bank & Investment Company, an institution kindred to the bank in which he was interested, at Fargo, North Dakota. Both Bank of Minot and Mortgage Bank & Investment Company were at this time in financial difficulties, and on May 23d, 1893, a receiver of the property of both corporations was appointed, who, in taking possession of their assets in the absence of Mears, among other property seized upon the contents of the vault at Fargo, including the five notes and mortgage belonging to Mrs. Graves. Thereafter the receiver made a sale of these assets at which the five coupon notes were purchased by one B. S. Brynjolfson, and on February 14th, 1898, by an assignment in writing, the receiver transferred to Brynjolfson such interest as he had in these notes and the mortgage securing them. On March 21st, 1900, Brynjolfson sold and assigned these coupons and his interest in the mortgage to Robert Rowan, Sr. On or about May 8th, 1900, Rowan began an action in the district court of Ward county for the foreclosure of this mortgage. Funk, the mortgagee, was not then living, and his wife was his sole heir. The parties named as defendants to the suit were Molly Funk, wife of Peter Funk, deceased, Bank of Minot and several others with whose claims we are not now concerned. Mrs. Graves was not named as a party to this action and claims to have had no notice of its pendency.

The Bank of Minot was personally served in this action,—which,

for convenience, will hereinafter be referred to as the Rowan suit,—but did not answer. Such service as was made upon Molly Funk was by publication. Appellant claims that the publication failed to comply with statutory requirements in several vital particulars, and that Mrs. Funk was not in fact served in this action. In our view of the controlling features of the case, it will not be necessary, however, to give any special consideration to the irregularities which, it is claimed, rendered this service void and inoperative. None of the defendants made answer in the case, and on August 10th, 1900, a judgment of foreclosure was entered by default in Rowan's favor, for the satisfaction of the sum then shown to be due upon the five coupon notes and the further sum of $176.35, paid by Rowan as taxes on the property. On this appeal, appellant contends that this was not entered in the judgment book as required by law, and is therefore a nullity. No action has at any time been taken to secure its vacation on this ground, and it seems to have been treated uniformly by both parties as a valid and existing judgment according to its import. We will therefore so regard it, without expression of opinion as to our view of its status, if properly brought in question by a direct attack. On August 13th, 1900, execution was issued upon this judgment, and on September 22d, 1900, at a sale made thereunder, the property was sold to Rowan for $691.58. This sale was confirmed by the district court on January 28th, 1901.

On September 19, 1901, Mrs. Graves commenced suit in the district court of Ward county, naming as parties defendant Molly Funk, Robert Rowan, W. J. Carroll as sheriff of Ward county, and all others mentioned in the Rowan suit. The complaint in this action, which will be hereinafter referred to as the Graves suit, in substance alleged the giving of the principal and coupon notes by Funk to Bank of Minot and the assignment of all by the bank to Mrs. Graves; that Peter Funk was deceased, and that under the law of succession Molly Funk, his wife, was the owner of the equity of redemption in the premises described in the mortgage; that the defendant Rowan claimed some interest in or lien upon the real property in question under a writing executed by the receiver of the mortgagee, Bank of Minot, purporting to assign to one B. S. Brynjolfson five of the coupon notes attached to the principal note secured by said mortgage, which interest and lien so acquired said Brynjolfson thereafter pretended to assign to said

Rowan; that on August 11th, 1900, in a suit brought in the district court of Ward county, wherein said Rowan was plaintiff, and Molly Funk, Bank of Minot, and others defendants, a decree was entered, which, among other things, directed the sale of the mortgaged real property for the satisfaction of the amount due on said five coupon notes, and that the proceeds of the sale of said premises be paid to the defendant Rowan; that thereafter, on September 12th, 1900, the defendant Carroll, as sheriff of Ward county, acting pursuant to the mandate of an execution issued on said decree, sold the said premises to the defendant Rowan for the sum of $691.58, and executed and delivered to him a sheriff's certificate of sale bearing date September 22d, 1900; that at all said times five coupon notes alleged as cause of action in the Rowan suit were the property of the plaintiff, and not of the mortgagee, Bank of Minot, and that neither the unlawful possession of said notes nor the purported assignment by the receiver of the said Bank of Minot to said Brynjolfson and by him to said Rowan, operated to convey to said Rowan any title to said notes or any interest in said mortgage, and that the said decree in his favor for the foreclosure of said mortgage, the execution issued thereon, the sale thereunder, and the sheriff's certificate issued to said Rowan, did not convey to or vest in him any right, title, or interest to or lien upon the said mortgaged premises. The plaintiff then prayed for a decree in her favor foreclosing the mortgage against said premises for the principal sum due upon the note secured thereby, and the interest thereon from June 23d, 1890, as evidenced by all of said coupon notes.

The defendant Rowan was served personally with the summons and complaint in the Graves suit, and made answer, traversing the allegations, that he was not the owner of the five coupon notes mentioned in his decree of foreclosure and of an interest in the mortgage under the assignment of the receiver of Bank of Minot. He admitted the bringing of the Rowan suit, in which there was entered in his favor as plaintiff a decree of foreclosure as alleged in plaintiff's complaint, the issuance of execution, the sale under the same, and the delivery to him of a sheriff's certificate as purchaser at said sale of said premises. He alleged that the assignment to him by the receiver of Bank of Minot of an interest in said mortgage was valid, and that he, by the delivery of the same, became the owner of an estate and interest in and lien

upon said real property, authorizing the Rowan suit and the decree of foreclosure entered therein in his favor; and that by the purchase at said foreclosure sale and the issuance to him of the sheriff's certificate aforesaid, he became the equitable owner in fee of said premises and entitled to a sheriff's deed thereto; that by virtue of the facts alleged the interest of the plaintiff, Mrs. Graves, in said mortgage and her lien upon said real property was foreclosed, and she was barred and concluded from any claim upon or proceeding against the same; and prayed for a dismissal of her action as to him.

Preliminary to the Graves suit, on application of the plaintiff to the district court, a temporary injunctional order was issued restraining the defendant Carroll, as sheriff of Ward county, from issuing to the defendant Rowan a sheriff's deed of the real property in question pursuant to the execution sale made on September 12th, 1900, which injunctional order was on September 28th, 1901, made permanent during the pendency of the action.

On the issues presented by the answer of defendant Rowan, the Graves suit was tried on February 14th, 1903, and after an unexplained delay of more than two years, on April 8th, 1905, a judgment was entered in favor of Mrs. Graves, as plaintiff, for the foreclosure of her mortgage. The findings of the district court in awarding this judgment were "that, at the time the said five coupon interest notes came into the hands of the receiver of Bank of Minot, the said interest coupon notes were the property of plaintiff, and not the property of Bank of Minot; and the said receiver of Bank of Minot could not convey any title to the said coupon notes, and did not convey any title by the sale thereof to B. S. Brynjolfson, and the said B. S. Brynjolfson did not convey any title to the defendant Robert Rowan, Sr., and the said Robert Rowan, Sr., did not have any title to the said five interest coupon notes nor to the mortgage that secured the payment of the same at the time he instituted proceedings to foreclose said mortgage. That said mortgage was foreclosed without authority of law, and the certificate of sale thereof is void as against the plaintiff, Martha A. Graves, and not binding on said plaintiff. That the taxes paid upon said mortgaged premises by the said Robert Rowan, Sr., were voluntarily paid, and are not the subject of counterclaim as against this plaintiff, and

were more than reimbursed to said Robert Rowan, Sr., by the rents and profits of said mortgaged premises."

The injunction restraining the sheriff from issuing a deed to Rowan was thereupon made permanent, and a decree was entered authorizing the sale under foreclosure of the premises. Notice of entry of this judgment was duly served upon the attorneys of Rowan on April 22d, 1905. A special execution in conformity to the decree was issued out of the district court on April 27th, 1905, and under this execution the premises were sold on June 3d, 1905, to Mrs. Graves, for $3,517.88, and a sheriff's certificate of such sale issued to her. A report of sale was made to the district court of Ward county on June 10th, 1905, and, after due notice to Rowan's attorneys, an order was entered on June 24th, 1905, confirming such sale. No redemption being made within a year thereafter, on September 10th, 1906, a sheriff's deed of the property was made to Mrs. Graves.

A notice of *lis pendens,* setting out the pendency of the Graves suit for the foreclosure of the mortgage given by Peter Funk and to restrain the sheriff of Ward county during the pendency of the action from issuing a sheriff's deed to Rowan and correctly describing the mortgaged property, was recorded in the office of the register of deeds of Ward county on September 23d, 1901. On June 23d, 1905, Michael J. Borden, the plaintiff in the action in which this appeal is taken, entered into a contract with Rowan for the purchase of the premises involved in the Funk mortgage. On April 11th, 1906, a notice and undertaking on appeal from the decree in the Graves suit was served upon the attorneys for Mrs. Graves by Rowan's attorney. No statement of the case or other proceedings necessarily preliminary to an appeal had been taken, however, and on September 18th, 19th, 1906. appellant moved in the supreme court of North Dakota to dismiss the appeal for failure to properly prosecute the same. This motion was resisted by Borden, who claimed to be the real party in interest, having purchased the property in question from Rowan. The motion to dismiss was heard in the supreme court and on November 2d, 1906, an order was made dismissing the appeal. The record and the remittitur of the supreme court were returned to the district court of Ward county, which on May 14th, 1907, entered a judgment in conformity with that of the supreme court.

The action now considered was brought by Borden against Mrs. Graves on March 12th, 1907, to determine adverse claims to the real property covered by the Funk mortgage. The evidence consists almost entirely of the court records in the Rowan suit and the Graves suit. The question presented to the district court by this suit was that of the priority of title acquired respectively by Borden as the successor in interest of Rowan, or by Mrs. Graves by virtue of the determinative features of these suits. Both claim title under the proceedings of an execution sale made in foreclosure of the Funk mortgage, and each claims that the other is barred and concluded from asserting title by reason of the decree in the Rowan suit and Graves suit respectively. The action was tried on May 16th, 1908, and the district court directed judgment in favor of the plaintiff, Borden. Its conclusions of law are to the effect "that the judgment and decree entered in said action wherein Robert Rowan, Sr., was plaintiff and Molly Funk, Bank of Minot, and others were defendants, entered on the 10th day of August, A. D. 1900, wherein and whereby it was adjudged and decreed that the plaintiff in said action, Robert Rowan, Sr., was the owner of said interest coupon notes from one to five inclusive, and the assignee and owner of said mortgage, and that he paid taxes in the sum of $176.35,—was and is a valid judgment and a valid foreclosure of said mortgage. That the said sale thereunder was a valid sale. That said sale was duly confirmed by said court. That said Rowan was the purchaser at said sale. That no redemption of the premises under said sale was made. That said Rowan was entitled to a sheriff's deed for said premises under said certificate of sale, and that said judgment and decree is still in full force and effect and binding upon defendant, Martha A. Graves. That the said foreclosure and sale of said mortgaged premises exhausted the lien of said mortgage, and the purchaser, said Robert Rowan, Sr., took the property entirely discharged from the said mortgage. That the judgment and decree in said action, in which Martha A. Graves was plaintiff and Molly Funk, Robert Rowan, Sr., W. J. Carroll, and others were defendants, and entered the 22d day of April, 1906, in no manner affects the former judgment nor the title to the said property obtained by Rowan thereunder. That the plaintiff, Borden, is the owner in fee of said premises, and entitled to a judgment and decree of this court to operate as a conveyance to him of the said

property (described), and forever barring and foreclosing defendants from ever asserting or claiming any right, title, or interest or lien upon the said premises or any part thereof."

In appealing from said judgment the defendant desires a review of the entire case in this court. The principal contentions are: (1) That the judgment in the Rowan Case is irregular, abortive, and void; (2) even though a valid and existing judgment, it is not binding in any way upon Mrs. Graves, she not being a party to, and having no notice of, the pendency of the action in which the same was entered; and (3) whatever rights Borden as the successor of Rowan might claim as the assignee of the Funk mortgage or under the decree in the Rowan suit, he is barred and concluded from asserting by the decree in the Graves Case.

The theory of the district court in holding that appellant was bound by the decree in the Rowan suit proceeds, evidently, from an application to this case of the following rule of the Code of Civil Procedure: "In an action to foreclose a mortgage or other lien upon real property, no person holding a conveyance from or under the mortgagor of the property mortgaged, or other owner thereof, or person having a lien upon such property, which conveyance or lien does not appear of record in the proper office at the time of the commencement of the action, need be made a party to such action; and the judgment therein rendered and the proceedings therein had are as conclusive against the party holding such unrecorded conveyance or lien as if he had been made a party to the action." Revised Codes 1905, § 6817. There is no claim made that Mrs. Graves was named as a party to the Rowan suit, or that she had notice of the pendency of that action. She, however, had a lien upon the mortgaged property by reason of the transfer to her of the mortgage note and interest coupons. As her assignment was not in writing or recorded, a party holding a prior recorded lien or conveyance of the property might treat her in an action to foreclose his lien as a party to the action, and the decree would be as binding upon her as though she had been actually so named. Is she bound in the same manner on the suit of an assignee of other instalments of the same debt upon which her lien is based; and if such is the case, would the right to foreclose this mortgage as to another part of the debt secured thereby, and not involved in the Rowan suit, be exhausted by the decree in that

suit so completely as to operate as a discharge of the entire mortgage?

Upon principle and with a satisfactory support of authority, both questions might be answered in the negative. The rule that a foreclosure and sale under a mortgage exhausts the lien of the mortgage so that a second action cannot be maintained as to instalments of the mortgage debt which were not included in the first suit does not apply "where the first foreclosure was for interest only, or where there are concurrent mortgages to different persons on the same land, or the several obligations secured are distributed among and held by different creditors." 27 Cyc. Law & Proc. p. 1791. It is only the holder of a subsequent lien whose rights are concluded by the foreclosure of a mortgage and the expiration of the period for redemption, even when he is made a party to the foreclosure action and duly served. A prior lien or one having a concurrent standing still retains its pristine force, and the holder thereof, unless the question of priority is raised and expressly determined against him in the first suit, may, it would seem, assert it in another foreclosure action. Rowan's foreclosure did not purport to be made for any larger sum than that due upon the notes he claimed to hold and certain taxes actually paid out by him while in possession of the property. He sought merely to realize from the sale such part of the mortgage debt as was represented by the portion of the notes held by him. The complaint in his foreclosure action alleges the giving by Funk of a principal note for $1,200, with ten interest coupons attached, all of which were alike secured by the mortgage, but the five only in which he claimed title. The decree provided that "all persons having liens *subsequent* to the mortgage" should be barred by the foreclosure. It is not apparent, therefore, that this decree, by its terms, even purported to bind or conclude a party holding a concurrent lien or the owner of the principal note and the interest coupons not claimed by Rowan, even though such person may be regarded as a party to the suit and duly served. If the question of the respective priorities between Rowan and the party holding the remainder of the mortgage debt had been brought in question and determined in his favor by the decree, a different consideration would be now presented. That the entire right of foreclosure of the mortgage was not exhausted by the decree in the Rowan suit further appears from an examination of the instrument itself, which provides that in case of default of payment of any sum

due upon the mortgage, whether it be in principal, interest, or taxes, the full amount secured may, at the option of the mortgagor, be declared to be due, or upon each separate default a foreclosure may be had. Such provision is not, however, necessary to authorize separate foreclosure by instalments, as the law in force at the time this mortgage was given provides that "in case of mortgages given to secure the payment of money by instalments, each of the instalments mentioned in the mortgage shall be taken and deemed to be a separate and independent mortgage, and the mortgage for each of such instalments may be foreclosed in the same manner and with like effect as if a separate mortgage was given for each of such instalments." Code of Civ. Proc. 1877, § 599; Rev. Codes, 1905, § 7458. This clearly contemplates that the right of foreclosure shall retain full vitality until the last note given is paid. Assuming, therefore, without deciding, that Mrs. Graves should be considered a party to the Rowan suit, the power of the district court to decree a second foreclosure of the mortgage in her favor is not exhausted, and the court had unquestioned jurisdiction of the subject-matter of her suit.

It will be contended, however, that the title of Rowan to the five coupon notes pleaded as cause of action in his foreclosure suit is a fact necessarily determined in his favor by the decree, and that this became *res adjudicata* as to Mrs. Graves. Conceding this, Mrs. Graves would not be concluded upon this point in her subsequent suit unless Rowan availed himself of the bar of his decree by proper pleading and proof. "A party claiming prior adjudication as a bar must set it up; but if he fails to present that objection, or, if presented, it is overruled, he cannot afterward rely upon that fact as a ground of collateral attack." Semple v. Wright, 32 Cal. 668. The estoppel of a judgment may be waived by the failure of the party claiming its benefits to properly plead or prove it. Black, Judgm. 786.

Recognizing the obligation that lay upon him to establish the adjudged facts of his decree by proper pleading and proof, Rowan set it up in his answer in the Graves suit, and on the trial seems to have offered some evidence in support of the facts alleged in the answer. It is now urged that proof of the existence of the judgment was, in itself, conclusive of the bar against Mrs. Graves on the point of title to the five coupon notes, and that the district court should have so held in the decree in the

Graves suit. It may be admitted that, if the proof of the judgment was full and competent, it should have been received as conclusive, and that in holding as it did that Rowan was not the owner of the five notes in question the district court was in error. As justly observed, however, by counsel in his brief, a court having jurisdiction of the subject-matter of an action has jurisdiction to commit error. In other words, the erroneous action of a court having jurisdiction in a matter of practice or procedure is an irregularity that can usually be remedied only by appeal. Rowan had full opportunity to take advantage of his right of appeal, and made an abortive attempt so to do. The dismissal of this appeal had the effect of affirming and making final the judgment of the district court. All presumption is in favor of the regularity of this judgment, and after the dismissal of the appeal it became practically unassailable either directly or collaterally. Being rendered by a court having jurisdiction as the last judgment in point of time between Rowan and Mrs. Graves, on all adjudicated points it prevails over the decree in the Rowan suit. 'I Freeman, Judgm. 4th ed. § 332; Cooley v. Brayton, 16 Iowa, 10. When the judgment in the Graves suit became final it concluded against Rowan the question of ownership of the five coupon notes and title to the mortgage in all judicial matters thereafter arising in which the bar of this adjudication was properly presented.

The respondent, Borden, became a purchaser from Rowan long after the Graves suit was commenced and a notice of *lis pendens* containing a true description of the real property involved in the suit placed of record. His purchase was made several months after judgment against Rowan had been entered in that suit. During the year allowed for appeal, by his own admission he had actual notice of the decree and attempted to appeal from it. Whether or not a conveyance to him by Rowan during the time the property was in litigation is inoperative and void as claimed by appellant, it is unquestionable that he is bound and concluded by all that in like manner affects his grantor Rowan.

Upon the bringing by Borden of the action in which this appeal is taken, Mrs. Graves interposed by answer the bar of the decree in the Graves suit. Upon the trial she offered full and competent proof of the decree in the former suit. There can be no question but that by this decree all questions upon which Rowan rests his claim of title to

the property involved were adjudicated against him. Upon proof of the rendition of this judgment by a court of competent jurisdiction, the bar interposed to Borden's action became conclusive, and the action of the district court in otherwise holding and decreeing is clearly erroneous. It should have given the decree in the Graves suit full effect in determining the conflicting titles of Borden and Mrs. Graves.

The judgment of the District Court is therefore reversed, and it is directed to enter a decree in favor of appellant, declaring her to be the owner in fee simple of the premises in controversy, and quieting her title to the same against any claims of the plaintiff and respondent.

All concur, FISK and CARMODY, J.J., concurring specially.

FISK, J. I concur in the conclusion above announced, but express no opinion as to any point in the case other than the last proposition treated in the opinion. As I view it, such proposition is controlling and decisive, and renders a consideration or decision of the other questions unnecessary.

CARMODY, J. I concur in the views expressed by Judge FISK.