# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 149

Robert Martinie Goff,                                                                 Appellant

v.

William Panos, Director,

Department of Transportation,                                              Appellee

## No. 20230115

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven E. McCullough, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice, in which Chief Justice Jensen and Justices Tufte and Bahr joined. Justice McEvers filed a dissenting opinion.

Drew J. Hushka (argued) and Mark A. Friese (on brief), Fargo, ND, for appellant.

Michael T. Pitcher, Assistant Attorney General, Bismarck, ND, for appellee.

**Crothers, Justice.**

[¶1]   Robert Goff appeals from an order denying his request for costs and attorney's fees relating to the Department of Transportation's suspension of Goff's driving privileges. We reverse and remand, concluding the district court abused its discretion in deciding the Department's proceeding against Goff was substantially justified.

I

[¶2]   In December 2021, Fargo police officers arrested Goff in an apartment parking lot for being in actual physical control of a vehicle while under the influence of intoxicating liquor. A driveway used to access the parking lot included a sign reading "private property, private drive."

[¶3]   Goff requested an administrative hearing, arguing an ordinance, Fargo Municipal Code § 8-1011, limited the public's right to access property marked as private without written permission from the owner. The owner of the property, John Goff, testified the parking lot is for tenant parking only. John Goff testified that deliverers and visitors are prohibited from going past the sign to access the parking lot.

[¶4]   The hearing officer concluded the ordinance prohibited the public from parking in the private parking lot, but did not limit the public's right to access the lot. The hearing officer found the public had a right of access to the private lot for vehicular use. The Department suspended Goff's driving privileges for 91 days, and the district court affirmed.

[¶5]   This Court reversed, concluding the hearing officer misinterpreted the ordinance. *Goff v. Panos*, 2022 ND 186, ¶ 12, 981 N.W.2d 909. We concluded the ordinance provides that without written permission one may not drive or park upon property marked as "private property." *Id*. at ¶ 15. We concluded the hearing officer's finding that the public had a right of access to the private parking lot for vehicular use was not supported by a preponderance of the

evidence. *Id.* We remanded for a determination of whether the Department acted without substantial justification requiring an award of costs and attorney's fees to Goff under N.D.C.C. § 28-32-50(1). *Goff*, at ¶ 16.

[¶6] On remand, Goff argued he was entitled to costs and attorney's fees because the Department's action against him was not substantially justified. Goff claimed a reasonable person would not believe the public had a right to access the private parking lot in light of signage on the property and Fargo Municipal Code § 8-1011. The district court decided the Department acted with substantial justification, and denied Goff's request for costs and attorney's fees.

II

[¶7] Goff argues the district court abused its discretion in denying his request for attorney's fees under N.D.C.C. § 28-32-50(1). Goff asserts the Department lacked substantial justification for its decision suspending his driving privileges because no reasonable person could have concluded the hearing officer's findings were supported by the record.

[¶8] Section 28-32-50(1), N.D.C.C., provides:

> "In any civil judicial proceeding involving as adverse parties an administrative agency and a party not an administrative agency or an agent of an administrative agency, the court must award the party not an administrative agency reasonable attorney's fees and costs if the court finds in favor of that party and, in the case of a final agency order, determines that the administrative agency acted without substantial justification."

Whether the agency acted with substantial justification is discretionary with the district court, and this Court applies an abuse of discretion standard on appeal. *Goff*, 2022 ND 186, ¶ 16. A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if it misinterprets or misapplies the law, or if its decision is not the product of a rational mental process leading to a reasoned determination. *N. Dakota Dep't of Transp. v. Schmitz*, 2018 ND 113, ¶ 5, 910 N.W.2d 874.

2

[¶9]  "[S]ubstantially justified means justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Lamplighter Lounge, Inc. v. State ex rel. Heitkamp*, 523 N.W.2d 73, 75 (N.D. 1994) (cleaned up). An incorrect position may be justified if a reasonable person could think that it has a reasonable basis in law and fact. *Id.* "Substantial justification represents a middle ground between the automatic award of fees to the prevailing party on one side, and awarding fees only when a position is frivolous or completely without merit on the other." *Id.*

[¶10] If a district court agrees an agency's legal position was correct, it is a strong indicator that "a reasonable person could think the position is correct, and the position has a reasonable basis in law and fact." *Tedford v. Workforce Safety and Ins.*, 2007 ND 142, ¶ 27, 738 N.W.2d 29. Acceptance of an agency's position at earlier stages is some evidence of substantial justification, but it is not dispositive and a separate analysis of the reasonableness of the agency's position is required. *Id.*

[¶11]  Here, the district court concluded the Department acted with substantial justification in suspending Goff's driving privileges:

> "Neither party here disputes that this case presented a close question on an unsettled area of law. More importantly, the hearing officer did not believe that the law was clear, given the North Dakota Supreme Court's recent decision in *Suelzle v. North Dakota Dep't of Transp.*, 2020 ND 206, ¶ 14, 949 N.W.2d 862. In the end, however, the hearing officer found that Goff's vehicle was in a place where the public had a right of access for vehicular use and believed a reasonable basis in law and fact existed to uphold the arrest. The Court having been similarly convinced by the reasonableness of the Department's position upheld the decision. *See Tedford*, 2007 ND 142, ¶ 28, 738 N.W.2d 29 (explaining that a 'strong indicator' that an agency's position was substantially justified is that it convinced a district court that its legal position was correct). Although the Department was ultimately incorrect, it nonetheless made good faith and facially reasonable arguments based on facts that were supported by case law and, therefore, it acted with substantial justification."

3

[¶12] In *Goff*, 2022 ND 186, ¶¶ 11-15, the hearing officer erred in fact and in law in deciding to suspend Goff's driving privileges. "The hearing officer misinterpreted this ordinance as prohibiting the public only from parking in the parking lot." *Id.* at ¶ 12. We held the unambiguous ordinance, along with the private property sign, "establishes that the public has no right of access to this particular parking lot for vehicular use" without written permission. *Id.* at ¶ 15. We also concluded John Goff's "uncontradicted testimony does not support a finding that there is routine use of the parking lot by the public not specifically invited to use the property." *Id.* at ¶ 14.

[¶13] The district court concluded the Department acted with substantial justification because it made reasonable arguments supporting the suspension of Goff's driving privileges. However, the Department did not defend the hearing officer's factual findings or interpretation of Fargo Municipal Code § 8-1011. Instead, it argued the ordinance may not apply to the private parking lot because the sign marking the property was not sufficiently displayed.

[¶14] On the basis of the sign, the ordinance, and John Goff's testimony, a reasonable person could only conclude the public did not have access to the parking lot. Because a reasonable person could not find a reasonable basis for the Department's decision, the district court abused its discretion in concluding the Department acted with substantial justification. Upon a determination the Department acted without substantial justification, "the court must award the party not an administrative agency reasonable attorney's fees and costs." N.D.C.C. § 28-32-50(1). We reverse the court's order and remand for a determination of Goff's reasonable attorney's fees and costs.

III

[¶15] We have considered the parties' remaining arguments and conclude they are either without merit or not necessary to our decision. The order is reversed and remanded.

[¶16] Jon J. Jensen, C.J.
Daniel J. Crothers
Jerod E. Tufte
Douglas A. Bahr

4

**McEvers, Justice, dissenting.**

[¶17] I respectfully dissent. As noted by the majority, the district court concluded the Department acted with substantial justification. Majority, at ¶ 11. The court noted in its decision that neither party disputed the case presented a close question on an unsettled area of law, and the application of a recent case. I disagree the court abused its discretion in concluding the Department acted with substantial justification based on its reliance on *Tedford v. Workforce Safety & Ins.*, 2007 ND 142, 738 N.W.2d 29.

[¶18] In *Tedford,* we noted in determining substantial justification:

> The fact that WSI convinced one district judge that its legal position was correct is a strong indicator that "a reasonable person could think the position is correct, and the position has a reasonable basis in law and fact." *Rojas* [*v. Workforce Safety & Ins.*], 2006 ND 221, ¶ 17, 723 N.W.2d 403. Federal courts construing the EAJA have recognized that acceptance of the government's position by another federal judge, even if the position is ultimately found to be incorrect, is persuasive evidence that the position was substantially justified. *See, e.g., Herman v. Schwent,* 177 F.3d 1063, 1065 (8th Cir. 1999); *Friends of Boundary Waters Wilderness v. Thomas,* 53 F.3d 881, 885 (8th Cir. 1995); *Sierra Club v. Secretary of Army,* 820 F.2d 513, 519 (1st Cir. 1987). The court in *Herman* noted that "the Government's ability to convince federal judges of the reasonableness of its position, even if the judges' and Government's position is ultimately rejected in a final decision on the merits, is 'the most powerful indicator of the reasonableness of an ultimately rejected position.'" *Herman,* 177 F.3d at 1065 (quoting *Friends of Boundary Waters,* 53 F.3d at 885).

2007 ND 142, ¶ 27. The district court completed the necessary analysis and found the Department made good faith and facially reasonable arguments that were supported by case law before concluding the Department acted with substantial justification. I do not agree the court abused its discretion.

[¶19] Lisa Fair McEvers

5